CHARLES E. SAMPSON and Others, Respondents, *v.* FRANK F. PELS COMPANY, Appellant.

First Department, March 4, 1921.

Pleadings — separately stating and numbering causes of action — action to recover purchase price of goods delivered and damages for refusal to accept balance of goods to be delivered — two causes of action stated.

A complaint which alleges the sale of goods to the defendant to be delivered and the delivery of a part of the goods under the contract, and that the defendant failed to pay for a certain part of the goods so delivered and refused to accept the balance that was to be delivered, states a cause of action for the purchase price of the goods delivered and another cause of action for damages for anticipatory breach of contract, and the defendant is entitled to have said causes of action separately stated and numbered.

APPEAL by the defendant, Frank F. Pels Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of February, 1921, denying defendant's motion to compel plaintiffs to separately state and number the causes of action set forth in the complaint.

*Diamond, Abrahams & Strauss* [*Jerome A. Strauss* of counsel], for the appellant.

*Allen R. Memhard* [*Mathias L. Connes* of counsel; *Albert Massey* with him on the brief], for the respondents.

DOWLING, J.:

The complaint herein sets forth two causes of action. The first is to recover the sum of $13,686.43, claimed to be due under a written agreement made between plaintiffs, as agents for the Lily Mill and Power Company, with defendant on or about December 29, 1919, for the sale and delivery to defendant of 10,000 pounds of certain Combed Sea Island cotton yarn, shipments to be made monthly, commencing February 15 to March 1, 1920. The price was fixed at three dollars and twenty-five cents per pound, with a discount of two per cent on the tenth of the month following shipments. It is alleged

that plaintiffs, as such agents, duly performed all of the conditions on their part and on that of their principal to be performed, and " duly delivered to defendant under said agreement and as ordered by it 5,357 pounds of said yarn, which were accepted and paid for, and 3,732 pounds of said yarn, which were accepted but not paid for by defendant — but that defendant, prior to the time appointed for the delivery of the remaining 900 pounds of said yarn, and on or about the 13th day of November, 1920, notified plaintiffs that it would not accept or pay for same, nor carry out the terms of said agreement on its part; that plaintiffs were ready and willing to perform said agreement on their part and would have delivered said remaining 900 pounds of yarn to defendant according to the terms of their said agreement but for defendant's said refusal.

" That thereupon plaintiffs notified defendant that they elected to treat said agreement as abandoned.

" *Fifth.* That by reason of defendant's failure to pay for said 3,732 pounds of yarn and of its failure to accept and pay for said 900 pounds of yarn, plaintiffs have been damaged in the sum of thirteen thousand six hundred and eighty-six and 43/100 ($13,686.43) dollars, no part of which has been paid."

The second cause of action sets up a written agreement between the same parties for the sale and delivery to defendant of 20,000 pounds of certain Combed Sea Island cotton yarn, to be shipped at the rate of 6,000 or 7,000 pounds a month, beginning in April, 1920, at the price of three dollars and fifty cents per pound with a like discount to that in the first contract.

It is then alleged that plaintiffs duly performed all the conditions on their part and on that of their principal to be performed, and " duly delivered to defendant under said agreement and as ordered by it, 2,165 pounds of said yarn, which were accepted by defendant, but not paid for, but that defendant prior to the time appointed for the delivery of the remaining 17,835 pounds of yarn, and on or about November 13, 1920, notified plaintiffs that it would not accept or pay for same or carry out the terms of said agreement on its part; that plaintiffs were ready and willing to perform said agreement

on their part and would have delivered said remaining 17,835 pounds of yarn to defendant, in accordance with the terms of their said agreement, but for defendant's said refusal.

" *Ninth.* That by reason of defendant's failure to pay for said 2,165 pounds of yarn and of its failure to accept and pay for said 17,835 pounds of yarn, plaintiffs have been damaged in the sum of forty-six thousand seven hundred and nine and 90/100 ($46,709.90) dollars, no part of which has been paid."

I am of the opinion that in each of these two causes of action, two separate and distinct causes of action are set up: (a) A cause of action for the purchase price of the goods sold and delivered, but for which defendant has failed to make payment as provided by the agreement; (b) a cause of action for an anticipatory breach of the agreement as to the remaining goods still undelivered by plaintiffs, for which they seek to recover damages.

The learned court at Special Term denied the motion because the complaint was concise, clear and simple. But that was not the ground assigned for the motion, which was that each cause of action contained a cause of action for merchandise sold and delivered and another cause of action for a breach of the contract in refusing to accept future deliveries under the contract. The relief asked was that the plaintiffs should be required to separately state and number the separate causes of action set forth in each cause of action alleged in the complaint herein. This criticism of the complaint, for the reasons above assigned, was well grounded and the motion should have been granted. (*Dailey* v. *Standard Shipbuilding Corporation*, 179 App. Div. 647.)

The order appealed from will be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.