JOSEPH JANOFF, Respondent, *v.* BENJAMIN KAUFMAN, Appellant, Impleaded with SAMUEL KAUFMAN, Defendant.

Order so far as appealed from affirmed, with ten dollars costs and disbursements, with leave to defendant, appellant, to answer within twenty days from service of order upon payment of said costs. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and O'Malley, JJ.; Dowling, P. J., and Finch, J., dissent.

FINCH, J. (dissenting). From an order denying a motion to compel plaintiff to serve an amended complaint, among other things separately stating and numbering each cause of action, defendant, appellant, appeals. The complaint states an agreement between plaintiff and defendant, by which agreement, as finally modified, it was provided that plaintiff would advance money with which to purchase stocks, the defendant would manage the account and share seventy per cent of the losses as against thirty per cent to be borne by the plaintiff. The profits were to be divided equally. The complaint then goes on to allege that between the 24th day of January, 1929, and the 11th day of April, 1929, all of the securities were sold, with the exception of a certain 200 shares. Thereafter the market value of this stock began to decline and plaintiff on various occasions asked and obtained the consent of the defendant to sell this stock, but after giving such consent, defendant without cause rescinded the same, in violation of the agreement. Subsequently the plaintiff again asked and obtained the consent of the defendant to the sale of the stock and both parties agreed to sell the stock on September 12, 1929, but at that time defendant, in breach of his agreement with plaintiff, withdrew his consent without cause and refused to permit the plaintiff to sell the stock. The stock continued to decline until on or about October 30, 1929, when the defendant finally permitted the stock to be sold at the market, resulting in a loss of $17,500.50; the total operations of the parties showed a loss of $20,246.44, which plaintiff paid to the stockbrokers, and, therefore, brings this action, claiming from the defendant the $17,500.50, being the loss on the 200 shares of the stock in question, plus seventy per cent of $2,745.94, which is the loss arising from the other transactions outside of the stock in question, and which, added to the $17,500.50, makes a total of $19,422.15, for which the plaintiff sues. It is clear that the plaintiff has endeavored to state two causes of action in the complaint. In one cause of action the plaintiff is seeking to recover $17,500.50, which arises because of the loss on the particular 200 shares of stock, which loss arose because the defendant breached the agreement, in that after he had given his consent to sell the stock, he subsequently withdrew the same. The second cause of action arises not in breach of the agreement, but in accordance with the

agreement, namely, that the defendant would pay seventy per cent of the total losses which arose from the carrying out of the agreement, and that these total losses amounted to $2,745.94 outside of the particular 200 shares in question. Since upon a demand of a defendant, plaintiff must separately state and number each cause of action in his complaint (Rules Civ. Prac. rule 90; *Sampson* v. *Pels Co.*, 195 App. Div. 487; *Heaphy* v. *Eidlitz*, 197 id. 455), the order appealed from should be reversed and the motion granted. Dowling, P. J., concurs.